# The Attorney General v. The Board of Supervisors of Bay County.

*Taxes: Loans: Public uses: Application: Supervision.* Taxes and loans, when authorized to be raised by any public body, must be raised under the implied condition that they are to be applied to the public uses under

ATTORNEY GENERAL *v.* SUPERVISORS OF BAY COUNTY.

the control or care of that body. They cannot be raised for the purposes or uses of others, unless such a power is plainly given, and such a power cannot be given for all purposes.

*Highways: Supervisors: Loans: Expenditures: Discretion.* Highways and roads are by the constitution put under the control of the boards of supervisors, not absolutely, but under legal restrictions, and those restrictions have confined them to state and territorial roads; and they can have no occasion to raise money for other roads, and they must exercise their own judgment in expending such moneys as they may lawfully raise.

*Board of supervisors: Loans: Township purposes.* A resolution of a board of supervisors providing for raising money to be paid over to the towns without any definition of purposes, and to be spent under the direction of a town officer, is held to be unauthorized and void.

*Heard April 12. Decided April 18.*

Appeal in Chancery from Bay Circuit.

*Andrew J. Smith, Attorney General,* and *Hatch & Cooley,* for complainant.

*T. F. Shepard* and *G. M. Wilson,* for defendants.

CAMPBELL, J:

The bill was filed to prevent the issue of bonds for a loan of eighteen thousand dollars voted by the board of supervisors of Bay county, and claimed to be ratified by popular vote.

The resolution was, "that eighteen thousand dollars be appropriated for roads and bridges in Bay county, and that the same be apportioned to the towns as follows, viz.: three thousand five hundred dollars to the town of Monitor, three thousand dollars of which shall be expended on the Midland and Bay City road, and five hundred dollars to be expended on the section line road leading west from the Salzburg bridge in the town of Monitor; three thousand dollars to the town of Hampton, to be expended on the state road leading east from Bay City in the town of Hampton;" and one thousand dollars each to twelve other towns, "the several appropriations to be expended under the supervision of the supervisors of the townships to which appropriated."

A second resolution provided for the raising of the loan in question.

It is now claimed that this resolution does not comply with the law; that the board of supervisors can only raise such loans beyond one thousand dollars for such highways and bridges as are under their direction, and that none but state and territorial roads come within their control.—*C. L.*, § *491.*

On the other hand, it is claimed their power is plenary under the constitution.

Article ten of the constitution declares, by § *6,* "A board of supervisors, consisting of one from each organized township, shall be established in each county, with such powers as shall be prescribed by law."

"Section 9. The board of supervisors of any county may borrow or raise by tax one thousand dollars for constructing or repairing public buildings, highways or bridges; but no greater sum shall be borrowed or raised by tax for such purpose in any one year, unless authorized by a majority of the electors of such county voting thereon."

"Section 11. The board of supervisors of each organized county may provide for laying out highways, constructing bridges, and organizing townships, under such restrictions and limitations as shall be prescribed by law."

Taxes and loans, when authorized to be raised by any public body, must be raised under the implied condition that they are to be applied to the public uses under the control or care of that body. They cannot be raised for the purposes or uses of others, unless such a power is plainly given, and such a power cannot be given for all purposes.

The highways and roads are put under their control by the constitution, not absolutely, but under legal restrictions. Those legal restrictions have confined them to state and territorial roads. Other roads are put under other officers, to avoid a clashing of jurisdictions. The county board can have no occasion to raise money for other than its own

ATTORNEY GENERAL *v.* SUPERVISORS OF BAY COUNTY.

roads, and must exercise its own judgment in expending it. The resolution in question provided for· raising money to be paid over to the towns, without any definition of purposes, and to be spent under the direction of a town officer.

We think this was a plain violation of law. The powers of the board are not independent of legislation, and the law only allows them to raise moneys for necessary uses.—*C. L.,* § *477.* Any loan which they raise must be for some "of the purposes mentioned" in the statute.

The decree below should be affirmed, with costs.

COOLEY, CH. J., and GRAVES, J., concurred.

MARSTON, J., did not sit in this case.